Cite as: 596 U. S. \_\_\_\_ (2022)                1

Statement of BREYER, J.

# SUPREME COURT OF THE UNITED STATES

_____

No. 21A632

_____

## CARL WAYNE BUNTION *v.* BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, ET AL.

ON APPLICATION FOR STAY

[April 21, 2022]

The application for stay of execution of sentence of death presented to JUSTICE ALITO and by him referred to the Court is denied.

Statement of JUSTICE BREYER respecting the denial of application for stay.

This case illustrates a serious legal and practical problem with the death penalty as it is currently administered. As I have previously noted, Carl Wayne Buntion has been on death row under threat of execution for 30 years. *Buntion* v. *Lumpkin*, 595 U. S. \_\_\_ (2021) (statement respecting denial of certiorari). Twenty of those years, he tells us, were spent in solitary confinement. *Id.,* at \_\_\_ (slip op., at 1). We have described even four weeks of waiting in prison under the threat of execution as "one of the most horrible feelings to which [a person] can be subjected." *In re Medley*, 134 U. S. 160, 172 (1890). Buntion has suffered under such conditions for decades. When efforts to administer the death penalty produce results such as this, it raises serious questions about whether that practice complies with the Constitution's prohibition against cruel and unusual punishment. I have expressed concerns about the constitutionality of the death penalty in the past, and I am compelled to do so again in light of the facts and history of Buntion's case. See, *e.g.,*

*Hamm* v. *Dunn*, 583 U. S. \_\_\_ (2018) (statement respecting denial of application for stay and denial of certiorari); *Smith* v. *Ryan*, 581 U. S. \_\_\_ (2017) (statement respecting denial of certiorari); *Glossip* v. *Gross*, 576 U. S. 863, 908 (2015) (dissenting opinion).